JUDGE GARDEPHE

UNITED STATES DISTRICT COURT   RECEIVED
SOUTHERN DISTRICT OF NEW YORK   2012 SEP -6 P 8:03   **12 CIV 6820**

--------------------------------------------------------X
U S DISTRICT COURT SDNY

CHARLES ROBINSON,

                           Plaintiff,

    -against-

CITY OF NEW YORK, RICHARD PENGEL, Individually,
DANIEL MILLER, Individually, and JOHN and JANE DOE
1 through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                           Defendants.

--------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

      Plaintiff CHARLES ROBINSON, by his attorneys, Leventhal & Klein, LLP,

complaining of the defendants, respectfully alleges as follows:

### <u>Preliminary Statement</u>

    1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States. Plaintiff also

asserts supplemental state law claims.

### <u>JURISDICTION</u>

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### <u>VENUE</u>

    4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. §



SEP 11 2012
U.S.D.C. S.D. N.Y.
CASHIERS

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff CHARLES ROBINSON is a twenty-nine year old African American man who resides in Bronx, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants RICHARD PENGEL, DANIEL MILLER, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.    On June 8, 2011, at approximately 9:00 p.m., plaintiff CHARLES ROBINSON was a passenger in a motor vehicle parked near the corner of 133rd Street and 7th Avenue in Manhattan.

13.    At that time and place, defendant officers approached the vehicle and ordered the vehicle's driver to exit the vehicle.

14.    The officers then ordered CHARLES ROBINSON and the backseat passenger to exit the vehicle.

15.    The officers searched the vehicle and searched plaintiff.

16.    The officers released the other two occupants of the vehicle, and without reason or probable cause, arrested plaintiff.

17.    The defendants transported plaintiff to an NYPD precinct where plaintiff was imprisoned and subjected to a humiliating and unlawful strip search. The defendants compelled plaintiff to remove his clothing, and to squat and cough.

18.    Thereafter, the defendants imprisoned plaintiff until his arraignment in New York County Criminal Court where plaintiff was arraigned on false charges filed against claimant on Docket No. 2011NY041988 based on the false statements of the defendant officers that plaintiff possessed a controlled substance. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

19.    The malicious prosecution caused plaintiff to be incarcerated at the Manhattan

Detention Complex until June 14, 2011, when plaintiff returned to court and was informed that the Grand Jury of the County of New York had voted to dismiss all the false charges levied against plaintiff by the defendant officers.

20.   On June 14, 2011, all the charges filed against plaintiff were dismissed and sealed.

21.   Defendants RICHARD PENGEL, DANIEL MILLER, and JOHN and JANE DOE 1 through 10 either participated in and/or failed to intervene in the illegal conduct described herein.

22.   Defendant DANIEL MILLER held a supervisory rank and supervised defendants RICHARD PENGEL, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the detention, improper searches, and prosecution of plaintiff.

23.   All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

24.   The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained on when to stop, detain, search, arrest, and strip search individuals, and that they engage in a practice or custom of widespread falsification.

25.   Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to

4

violate the plaintiff's civil rights.

26.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

27.    As a result of the foregoing, plaintiff CHARLES ROBINSON sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

28.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30.    All of the aforementioned acts deprived plaintiff CHARLES ROBINSON, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

31.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

32.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

33.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34.    As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

35.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.    Defendants arrested plaintiff CHARLES ROBINSON without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

37.    Defendants caused plaintiff CHARLES ROBINSON to be falsely arrested and unlawfully imprisoned.

38.    As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unlawful Strip Search under 42 U.S.C. §1983)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants strip searched plaintiff CHARLES ROBINSON in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

41.     Defendants thereby caused plaintiff CHARLES ROBINSON to be deprived of his right to be free from unlawful strip searches.

42.     As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants issued criminal process against plaintiff CHARLES ROBINSON by causing his arrest and prosecution in New York County Criminal Court.

45.     Defendants caused plaintiff CHARLES ROBINSON to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

46.     As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
#### (Malicious Prosecution under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff CHARLES ROBINSON.

49.     Defendants caused plaintiff CHARLES ROBINSON to be prosecuted without any probable cause until the charges were dismissed on or about June 14, 2011.

50.     As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
#### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

53.     As a result of the foregoing, plaintiff CHARLES ROBINSON was deprived of his

liberty and right to substantive due process, causing emotional and physical injuries.

54.     As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendants created false evidence against plaintiff CHARLES ROBINSON.

57.     Defendants utilized this false evidence against plaintiff CHARLES ROBINSON in legal proceedings.

58.     As a result of defendants' creation and use of false evidence, plaintiff CHARLES ROBINSON suffered a violation of his constitutional rights to a fair trial, as guaranteed by the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

59.     As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     The defendants falsely arrested, maliciously prosecuted, and illegally strip

9

searched plaintiff CHARLES ROBINSON because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

62.     As a result of the foregoing, plaintiff CHARLES ROBINSON was deprived of his rights under the Equal Protection Clause of the United States Constitution.

63.     As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants had an affirmative duty to intervene on behalf of plaintiff CHARLES ROBINSON, whose constitutional rights were being violated in their presence by other officers.

66.     The defendants failed to intervene to prevent the unlawful conduct described herein.

67.     As a result of the foregoing, plaintiff CHARLES ROBINSON'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

68.     As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     The supervisory defendant DANIEL MILLER personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of plaintiff in failing to properly supervise and train his subordinate employees.

71.     As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

72.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

74.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of: falsely arresting individuals and then manufacturing evidence to convict said

individuals, and illegally strip searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff CHARLES ROBINSON'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

     75.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CHARLES ROBINSON.

     76.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CHARLES ROBINSON as alleged herein.

     77.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff CHARLES ROBINSON as alleged herein.

     78.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff

CHARLES ROBINSON was unlawfully arrested, illegally searched and maliciously prosecuted.

79.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CHARLES ROBINSON'S constitutional rights.

80.     All of the foregoing acts by defendants deprived plaintiff CHARLES ROBINSON of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from false arrest/unlawful imprisonment;

      C.     To be free from unlawful strip searches;

      D.     To be free from the failure to intervene;

      E.     To be free from malicious prosecution;

      F.     To be free from malicious abuse of process;

      G.     To be free from violation of right to fair trial; and

      G.     To receive equal protection under law.

81.     As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts

and information required under the General Municipal Law 50-e.

84.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

85.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

86.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

87.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.    Defendants arrested plaintiff CHARLES ROBINSON without probable cause.

89.    Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

90.    As a result of the aforementioned conduct, plaintiff CHARLES ROBINSON was unlawfully imprisoned in violation of the laws of the State of New York.

91.    As a result of the aforementioned conduct, plaintiff CHARLES ROBINSON suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

92.    As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

14

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

93.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     As a result of the foregoing, plaintiff CHARLES ROBINSON was placed in apprehension of imminent harmful and offensive bodily contact.

95.     As a result of defendant's conduct, plaintiff CHARLES ROBINSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

96.     As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

97.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Defendants made offensive contact with plaintiff CHARLES ROBINSON without privilege or consent.

99.     As a result of defendants' conduct, plaintiff CHARLES ROBINSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

100.    As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Unlawful Strip Search under the laws of the State of New York)

101.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    Plaintiff was unlawfully strip searched in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

103.    As a result of defendants' conduct, plaintiff CHARLES ROBINSON has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

104.    As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

105.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff CHARLES ROBINSON.

107.    Defendants caused plaintiff CHARLES ROBINSON to be prosecuted without

16

probable cause until the charges were dismissed on or about June 14, 2011.

108.   As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

109.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.   Defendants issued criminal process against plaintiff CHARLES ROBINSON by causing him to be arrested, arraigned and prosecuted in criminal court.

111.   Defendants caused plaintiff CHARLES ROBINSON to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

112.   As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

113.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

115. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

116. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

117. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff CHARLES ROBINSON.

118. As a result of the aforementioned conduct, plaintiff CHARLES ROBINSON suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

119. As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

120. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "119" with the same force and effect as if fully set forth herein.

121. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, prosecution and illegal strip search of plaintiff CHARLES ROBINSON.

122.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

123.    As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

124.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, prosecution and illegal strip search of plaintiff CHARLES ROBINSON.

126.    As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(Negligence under the laws of the State of New York)

127.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth

19

herein.

128.   Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

129.   As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

130.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

132.   As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-THIRD CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

133.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134.   As a result of defendants' conduct, plaintiff CHARLES ROBINSON was deprived of his right to equal protection of laws.

135.   As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FOURTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

136.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "135" with the same force and effect as if fully set forth herein.

137.   As a result of defendants' conduct, plaintiff CHARLES ROBINSON was deprived of his right to security against unreasonable searches, seizures, and interceptions.

138.   As a result of the foregoing, plaintiff CHARLES ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff CHARLES ROBINSON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      September 6, 2012

                        LEVENTHAL & KLEIN, LLP
                        Attorneys for Plaintiff CHARLES ROBINSON
                        45 Main Street, Suite 230
                        Brooklyn, New York 11201
                        (718) 722-4100

                        By: _____
                              BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

CHARLES ROBINSON,

                                        Plaintiff,

                                                                    Docket No.

          -against-

CITY OF NEW YORK, RICHARD PENGEL, Individually,
DANIEL MILLER, Individually, and JOHN and JANE DOE
1 through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                        Defendants.

-------------------------------------------------------------------------------X


**COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100